IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALIM MOHAMMED ADAM BIN AMIR,<br><br>BISHER AL-RAWI,<br><br>*Petitioners*,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>*Respondents*. | Civil Action No. 1:05CV01724 (RMU) |

MEMORANDUM OF LAW IN SUPPORT OF
PETITIONERS' MOTION FOR THE IMMEDIATE
ISSUANCE OF A WRIT OF *HABEAS CORPUS* PURSUANT TO 28 U.S.C. § 2243
OR, ALTERNATIVELY, FOR AN ORDER TO SHOW CAUSE

Petitioner Salim Mohammed Adam Bin Amir ("Petitioner Bin Amir"), together with his Next Friend Bisher Al-Rawi as co-Petitioner, by and through undersigned counsel, submit this memorandum of law in support of their motion requesting this Court, pursuant to 28 U.S.C. § 2243, to issue forthwith (1) a writ of *habeas corpus*, compelling Respondents to either (a) release Petitioner Bin Amir or (b) to establish in this Court a lawful basis for Petitioner Bin Amir's detention; or alternatively, (2) an order directing Respondents to show cause why a writ of *habeas corpus* should not be granted. The writ, or order to show cause, pursuant to 28 U.S.C. § 2243, shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. In support of this motion, Petitioner Bin Amir states the following:

1. Petitioner Bin Amir is a prisoner under the authority of the United States at Guantánamo Bay Naval Station, Guantánamo Bay, Cuba ("Guantánamo").

2. On information and belief, he has been imprisoned by the United States for over three years. During that entire time, he has been held virtually *incommunicado*.

3. On August 31, 2005, undersigned counsel filed a Petition for writ of *habeas corpus* (the "Petition") on behalf of Petitioner Bin Amir. The Petition contests Petitioner Bin Amir's incarceration and inhumane treatment, which violate the law of the United States and international law.

### THE SUPREME COURT HAS HELD THAT DETAINEES ARE ENTITLED TO INVOKE 28 U.S.C. § 2241 TO CHALLENGE THEIR DETENTION

4. The Supreme Court has specifically held that detainees at Guantánamo are entitled to challenge their detention and the conditions of their detention, pursuant to § 2241. Thus, Petitioner Bin Amir has a right to make use of § 2241. *See Rasul v. Bush*, 542 U.S. 466, 563 (2004). Further, the Supreme Court has held that "§ 2241 and its companion provisions [including § 2243] provide at least a skeletal outline of the procedure to be afforded a petitioner in federal *habeas* review." *Hamdi v. Rumsfeld*, 542 U.S. 507, 596 (2004). Petitioner Bin Amir therefore respectfully submits, pursuant to 28 U.S.C. § 2243, that this Court must forthwith either issue a writ of *habeas corpus* or order the Respondents to show cause why a writ of *habeas corpus* should not be granted.

### PETITIONER BIN AMIR IS ENTITLED TO RELIEF WITHIN THE TIME FRAME ESTABLISHED BY 28 U.S.C. § 2243

5. The writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243.

6. The Petition was served on August 31, 2005, as described in the Certificate of Service filed with the Court in this proceeding on August 31, 2005. By the time an order to show

cause issues, the Respondents will have had the maximum twenty-day notice period contemplated under 28 U.S.C. § 2243.

### RESPONDENTS HAVE NO REASON FOR DELAY BECAUSE THEY HAVE ALREADY REVIEWED PETITIONER BIN AMIR'S STATUS AND ESTABLISHED AN ALLEGED BASIS FOR HIS DETENTION

7. Equally important is that, on information and belief, the United States Government (the "Government") has imprisoned and interrogated the Petitioner Bin Amir for over three years. The Government has interrogated Petitioner Bin Amir on numerous occasions and is well aware of the factual bases that allegedly support his continued imprisonment. According to Former Deputy Secretary of Defense Paul Wolfowitz, each prisoner at Guantanamo Bay "has been determined to be an enemy combatant through multiple levels of review by officers of the Department of Defense. " Department of Defense Order Establishing Combatant Status Review Tribunal, subsection (a) (July 7, 2004) (Exhibit 1 hereto); (also available at http://www.defenselink.mil/news/Jul2004/d20040707review.pdf). Furthermore, the Government is conducting hearings to review further the status of each person incarcerated at Guantanamo Bay Naval Base. *Id*.

8. Because the Government claims to have already determined the "enemy combatant" status of each prisoner and conducted multiple levels of review that presumably included evidence sufficient to justify the Government's determinations, there would be no basis for the Government to now claim that it needs more time to comply with the Supreme Court's directive to allow Petitioner Bin Amir to test the basis for his detention. Accordingly, there is no reason to delay issuance of the writ of *habeas corpus* or an order to show cause or the Government's response to it.

## THE CONDITIONS OF PETITIONER BIN AMIR'S DETENTION CALL FOR THIS MATTER TO BE HANDLED EXPEDITIOUSLY

9. Petitioner Bin Amir submits that he has been imprisoned without basis, without charge, without access to counsel, without being afforded fair process, and has likely been subject to cruel and degrading treatment. Upon information and belief, that imprisonment has now lasted longer than three years, but Petitioner Bin Amir has been charged with no crime.

10. According to information obtained from former prisoners at Guantánamo Bay who have been released and Government documents that have been made public, it is likely that Petitioner Bin Amir has been subjected to cruel and degrading treatment at the express direction of United States officials for the purpose of obtaining information and confessions, a practice that directly contravenes domestic, military and international law. Redacted emails produced by the U.S. Government itself, for instance, document the use of torture techniques and treatment that was not only aggressive, but personally very upsetting, during interrogations of detainees at Guantánamo. Additionally, FBI documents have described prisoners shackled in a fetal position on the floor for up to 24 hours and left in their own urine and feces. *See, e.g*. Redacted email (Aug. 2, 2004) (Exhibit 2 hereto); Redacted email (July 12, 2004) (Exhibit 3 hereto).[1] *See Military Extends Guantánamo Abuse Probe* (Reuters), February 2, 2005 (Exhibit 4 hereto). *See also id.* ("Several former prisoners have said they were beaten, threatened with dogs and subjected to freezing temperatures, and the International Committee of the Red Cross has

---

[1] The U.S. Government produced these emails and numerous other documents in response to a Freedom of Information Act effort mounted by the Civil Liberties Union and other organizations. Those materials are available online at http://www.aclu.org/torturefoia/released/010505.html.

said their treatment was 'tantamount to torture.'"); *Videos Show Guantánamo Prisoner Abuse* (AP), February 1, 2005 (Exhibit 5 hereto) "Videotapes of riot squads subduing troublesome terror suspects at the U.S. prison camp at Guantánamo Bay show the guards punching some detainees, tying one to a gurney for questioning and forcing a dozen to strip from the waist down, according to a secret report"); *Detainees Accuse Female Interrogators* (Washington Post), Feb. 10, 2005, at A1 (Exhibit 6 hereto) (noting how female interrogators, among other things, pretended to smear menstrual blood on Muslim men before they intended to pray).

11. On information and belief, the health and mental condition of the Petitioner Bin Amir will be placed at risk if his incarceration is allowed to continue without review and remedial measures ordered by this Court. Press reports reveal that the conditions at Guantánamo Bay, coupled with the prospect of indefinite detention, have resulted in numerous suicide attempts by the detainees. *See Guantánamo Suicide Attempts Rise to 31* (AP), August 20, 2003. (Exhibit 7 hereto); Recent press reports also indicate that a hunger strike is underway at Guantanamo Bay and that as a result of the deteriorating condition of numerous individuals, the Government has subjected some detainees to forced feeding. See, Charlie Savage, *89 Prisoners Resume Hunger Strike at Guantanamo*, Boston Globe (Aug. 26, 2005) (Exhibit 8 hereto); Mike Mount, *Hunger Strike at Guantanamo Grows*, CNN.com (Sept. 13, 2005) (Exhibit 9 hereto).

WHEREFORE, for the above-stated reasons and for any other reason that may become known to the Court, Petitioners respectfully request that this Court issue either a writ of *habeas corpus* or an order to show cause to the defendants, either of which should then be ordered returnable within three days of this Court's issuance.

Dated: September 23, 2005.

        Respectfully submitted,

        <u>/s/ John B. Missing</u>
        John B. Missing (Bar No. 425469)
        Jennifer C. Argabright (Bar. No. 480763)
        DEBEVOISE & PLIMPTON LLP
        555 13th Street, N.W.
        Washington, D.C. 20004-1169
        Tel: (202) 383 8000
        Fax: (202) 383 8118

        Jeffrey I. Lang
        Jennifer R. Cowan
        Ellen A. Hochberg
        Tatia L. Miller
        Hadassa Waxman
        DEBEVOISE & PLIMPTON LLP
        919 Third Avenue
        New York, NY 10022
        Tel: (212) 909-6000
        Fax: (212) 909-6386

        *Of Counsel*
        Barbara Olshansky
        CENTER FOR CONSTITUTIONAL RIGHTS
        666 Broadway, 7th Floor
        New York, New York 10012
        Tel: (212) 614-6439
        Fax: (212) 614-6499

        Counsel for Petitioner Bin Amir