# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAJID ABDULLA AL JOUDI, *et al.*, <br><br> Petitioners/Plaintiffs, <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br> Respondents/Defendants. | Civil Action No. 05-0301 (GK) |

### DECLARATION BY JENNIFER CHING, ESQ.

I, Jennifer Ching, declare that the following statements are true to the best of my knowledge, information, and belief:

1. I am associated with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel for the *Al Joudi* Petitioners in the above-captioned action. I offer this Declaration in support of Petitioners' Motion to Compel Access to Counsel and Information Related to Petitioners' Medical Treatment.

2. On the evening of September 27, 2005, I traveled from my office, in New York, New York to Springfield, Massachusetts. The purpose of my trip was to meet with *habeas* counsel Stewart Eisenberg, Esq., of Weinberg & Garber P.C. Mr. Eisenberg represents Abdul Salam Gaithan Mureef Al-Shihry, an individual who is detained at Guantánamo with Petitioners in the above-captioned proceeding. *See Al-Shihry v. Bush*, Docket No. 05-490 (PLF).

3. Because Mr. Eisenberg had only just returned from Guantánamo on September 26, 2005, he had not yet received approval from the Department of Justice to provide to me information via the telephone, fax or electronic mail conveyed to him by

his client and therefore presumptively deemed protected under the Protective Orders governing our cases. As a result, we agreed to meet in Massachusetts to discuss this information, in person, under the conditions provided by the Protective Orders.

4. I believe that the information provided to me by Mr. Eisenberg has a direct impact on Petitioners' motion, and raises serious issues of concern.

5. On September 28, 2005, upon returning from Massachusetts, I contacted Andrew Warden, Trial Attorney with the United States Department of Justice. I informed Mr. Warden that (1) I had met with counsel in Massachusetts regarding information presumed protected; (2) the information had a direct bearing on a matter before the Court related to the hunger strike and access to counsel; (3) due to the time constraint of our filing deadline and our travel to Guantánamo on the morning of September 29, 2005, I was unable to travel to the secure facility in Washington D.C. to prepare our motion, or wait for the information to be deemed available for use in the filing by the Department of Justice; and (4) I had a good faith belief that the information conveyed to me by Mr. Eisenberg, which solely dealt with the health condition of our client, was not classified and was generally identical to information that has been previously released for public filing.

6. Mr. Warden advised me to prepare our filing with the information about our client therein and convey it to the Court Security Office for clearance for public filing by the Department of Justice. I agreed to do so.

7. The information Mr. Eisenberg provided me is as follows:

    a) According to his client, Mr. Al-Shihri, with whom he had met earlier this week, our client – who previously participated in a

hunger strike to the point of hospitalization and intraveneous force-feeding, *see generally* Tarver Decl. – restarted a hunger strike after our last meeting in July.

b) As a result of his hunger strike, since August, our client has been hospitalized and force-fed through his nose, which he resisted.

c) Our client had been released from the hospital a few days before Mr. Eisenberg's meeting, but was continuing his hunger strike and was described by Mr. Eisenberg's client as unrecognizable, and deathly ill.

d) Mr. Eisenberg's client also informed him that our client has made clear his intention to die, and his resistance to any force-feeding.

8. Based on this information, and my own impressions from our last meeting with our client in July, I believe that our client's health is in grave danger. Although I understand that the Government takes legal steps to preserve an individual's life, the primary concern of counsel is an ultimately humane one – not focused on the scientific process of feeding, but the ability we have, as counsel, to support, advise and assist our clients in the decisions they make that affect their lives.

9. I declare, under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 28th day of September 2005
New York, New York

               /s/
              Jennifer Ching