UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SALIM MOHAMMED ADAM BIN AMIR *et al.*, | : : : | | |
| Petitioners/ Plaintiffs, | : : | Civil Action No.: | 05-1724 (RMU) |
| | : | Document No.: | 4, 5, 6 |
| v. | : : | | |
| GEORGE W. BUSH *et al.*, | : : | | |
| Respondents/ Defendants | : : | | |

**MEMORANDUM ORDER**

GRANTING THE RESPONDENTS' MOTION TO STAY; ENTERING PROTECTIVE ORDER; ORDERING 30 DAYS' NOTICE OF ANY INTENT TO MOVE PETITIONERS; AND ORDERING THE RESPONDENTS TO FILE FACTUAL RETURNS

This matter comes before the court on the respondents' motion for order to show cause why the case should not be dismissed for lack of proper "next friend" standing or for a stay of proceedings pending related appeals and for continued coordination. Also before the court is the petitioners' motion for a show cause order. On January 19, 2005, Judge Leon issued opinions in *Khalid v. Bush* and *Boumediene v. Bush* granting the government's motion to dismiss petitions for writ of habeas corpus brought by detainees at the United States Naval Station at Guantanamo Bay, Cuba ("GTMO"). *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). On January 31, 2005, Judge Green issued an opinion in *In re Guantanamo Cases*, granting in part and denying in part the government's motion to dismiss in eleven cases consolidated for the purpose of that motion. *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005). The petitioners in the above cases filed notices of appeal, and the D.C. Circuit has yet to issue an opinion.

Accordingly, the state of the law in this circuit concerning the habeas rights of GTMO detainees is unclear.

In its motion to stay, the government points to the inefficiency of resolving the merits of the instant habeas petition prior to the D.C. Circuit issuing a ruling that will cover similar matters. Resp'ts' Mot. to Stay at 19-20. The government states that during the pendency of the stay the government will not "block counsel access to properly represented petitioners. To that end, respondents do not object to entry in these cases of the protective order previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access." *Id.* at 21 n.18.

The court is well aware of the petitioners' concern that the government may remove the petitioners from GTMO in the near future, thereby divesting (either as a matter of law or *de facto*) the court of jurisdiction. Such an outcome would abuse the processes now put in place for the purpose of adjudicating matters on their merits. *See Rasul v. Bush*, 124 S.Ct. 2686 (2004). Accordingly, the court cannot allow such a scenario to unfold; the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." *Landis v. North American Co.*, 299 U.S. 248, 256 (1936). Coextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties. *Id.* at 255 (noting concerns regarding the stay causing "even a fair possibility . . . [of] damage to some one else"); *see also Clinton v. Jones*, 520 U.S. 681, 707 (1997) (noting that "burdens [to the parties] are appropriate matters for the District Court to evaluate in its management of the case").

The petitioners request that the court order the government to produce factual returns justifying the ongoing detention of the petitioners at the United States Naval Station at Guantanamo Bay, Cuba ("GTMO"). If, as in this case, the court orders the respondents to show cause in response to a habeas petition, "[t]he person to whom the . . . order is directed *shall* make a return certifying the true cause of the detention." 28 U.S.C. § 2243 (emphasis added).

The government takes the position that

> it makes no sense for the government to process and submit factual returns with respect to these petitioners when the D.C. Circuit will be considering the proper scope of these habeas proceedings, including whether the claims can be dismissed without reference to specific factual returns for petitioners.

Resp'ts' Mot. to Stay at 20.

The fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients. As to the government's concerns regarding classified information, the protective order entered in this order will guard against any such inadvertent disclosures. Finally, any logistical burdens borne by the government in processing the factual returns does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

Accordingly, it is this 5th day of October 2005,

**ORDERED** that the respondents' motion for stay is **GRANTED**; however, this stay shall not prevent the parties from filing any emergency motion for relief; and it is

**FURTHER ORDERED** that the respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, may not remove the petitioners from GTMO unless this court and counsel for petitioners receive thirty days' advance notice of such removal; and it is

**ORDERED** that the court **ENTERS** by way of reference the protective ordered previously entered in the other Guantanamo detainee cases. *E.g.*, Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, *In re Guantanamo Detainee Cases*, No. 02-0299 (D.D.C. Oct. 8, 2004); and it is

**FURTHER ORDERED** that the respondents shall file factual returns regarding the petitioners within 45 days of this order.

**SO ORDERED**.

        RICARDO M. URBINA
        United States District Judge